**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANTHONY WAYNE TYSON, 1074262,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:07-CV-1990-K** |
| | ) | **ECF** |
| **RICHARD THALER, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner challenges his four convictions for aggravated robbery. *State of Texas v. Anthony Wayne Tyson*, Nos. F-0140786-HK, F01-54367-HK, F01-74899-HK and F01-74916-HK (Crim. Dist. Ct. No. 4, Dallas County, Tex., Nov. 8, 2001). He was sentenced to four concurrent terms of thirty years imprisonment. On December 12, 2002, the Twelfth District Court of Appeals affirmed Petitioner's convictions. *Tyson v. State*, Nos. 12-02-00044-CR, 12-02-00045-CR,12-02-00046-CR, and 12-02-00047-CR (Tex. App. – Tyler, Dec. 12, 2002). Petitioner did not file a petition for discretionary review.

On December 9, 2005, Petitioner filed two state applications for writ of habeas corpus. *Ex parte Tyson*, Application Nos. 65,692-01 and -02. On September 27, 2006, the Court of

Criminal Appeals denied the petitions without written order on the findings of the trial court.

On November 26, 2007, Petitioner filed this federal petition.  He argues that:

(1) he is actually innocent;

(2) he received ineffective assistance of counsel because his counsel:

 (a) failed to investigate the facts of the case; and

 (b) failed to impeach identification testimony; and

(3) the prosecutor withheld *Brady* material.

On April 15, 2008, Respondent filed a preliminary response arguing the petition is time-barred.  Petitioner did not file a reply.  The Court now determines the petition is barred by limitations and should be dismissed.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

On December 12, 2002, the Twelfth District Court of Appeals affirmed Petitioner's convictions.  Petitioner did not file a PDR.  His conviction therefore became final thirty days later on January 13, 2003.   *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).  Petitioner then had one year, or until January 13, 2004, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  Petitioner, however, did not file his state habeas petitions until December 9, 2005.  These petitions were filed after the one-year limitations period expired.  They therefore did not toll the limitations period.

Petitioner's federal petition was due by January 13, 2004.  He did not file his federal petition until November 26, 2007.  His petition is therefore untimely.

## B.  Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174

---

(B)       the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)       the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)       the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling.  He has failed to establish extraordinary circumstances warranting equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 21st day of September, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).